Charles F. Claiborne,
        Judge.

SCHWARTZ & FERRY

    VS                                                No. 8137.

JOS. FERRAN, Appellant.

November 28th, 1921.

SCHWARTZ & FERRY

VS                           No. 8137.

JOS. FERRAN, Appellant.

CHARLES F. CLAIBORNE, JUDGE.

This is a damage suit by a vendor against a purchaser for failure to accept delivery of the thing sold. The suit is based upon the following instrument marked Exhibit A:

> Schwartz & Ferry,
>
> High Grade Bakery Machinery - N. O. U. S. A.
>
> Order No.___         date 7/5/1920
>
> Sold to J. Ferran
>
> P. O. R. F. D. No. 2
>
> Shipping Point - Jefferson Parish
>
> Ship Via
>
> When - Terms: Draft B. L. Attached
>
> 100/100 Sax Wheat Bran 3.025 per hundred
>
> Mail Delivery Ticket
>
>            Signed  Jos. Ferran
>
>      x x x x x x x x x x x x x x x x x
>
>         Subject Confirmation
>
> _____
>
> E. S.       Salesman".

The plaintiff averred that in pursuance of said instrument they delivered to the Louisiana Railway one hundred sacks of wheat bran for delivery to J. Ferran; that Ferran refused to accept said wheat bran, whereupon plaintiff sold it at a loss of $107.50 which they claim from the defendant, together with $10.50 storage.

> The defendant admitted
>
> "that he did sign an order for the purchase of 100lb. sacks of wheat bran, but that it was agreed and under-

161

stood that said order could be filled for any part or portion thereof".

Upon the argument of the case, however, the defense was that the order which defendant signed was "Subject Confirmation", and that before it was confirmed or accepted by the plaintiffs, defendant changed his mind on the subject and cancelled the order.

There was judgment for the plaintiffs and defendant has appealed.

The case comes up on a statement of facts signed by the Judge which reads as follows:

"On or about July 5th, 1920 _____ Ferry, a salesman for Schwartz & Ferry, a copartnership composed of Michel Schwartz and George L. Ferry, grain dealers, residing and doing business in the City of New Orleans, called upon the defendant J. Ferran at his dairy in Jefferson Parish, and solicited from him an order for 100-100 lbs. sacks of wheat bran at the price of $3.025 per 100 lbs. Joseph Ferran signed the order calling for the above mentioned amount of bran . "Exhibit A". At the time this order was taken, Mr. Ferran and a Mr. Heaton who was present during the entire transaction testifies that Mr. Ferry told him that he could take under this order twenty sacks, forty sacks, or any number of sacks that he desired; that Schwartz & Ferry would protect him in the event of a decline in the market. Mr. Ferry denied that he made any such statements. On or about the 18th. or 19th. of July 1920, Mr. Ferry again called on Mr. Ferran at which time Mr. Ferran notified him that he would not need the bran and ordered cancelled the order of same x x x (illegible). Up to this time no confirmation of said order was communicated to J. Ferran nor was any evidence offered that same was confirmed nor any evidence that such was necessary. Mr. Ferry communicated this cancellation to his com-

162

pany who wrote a letter to Mr. Ferran on July 20th, advising Mr. Ferran, that they, (Schwartz & Ferry) could not accept cancellation of the order and requested defendant to take delivery. (Exhibit "B"); On August 2d, 1920, Schwartz & Ferry again wrote Ferran insisting he take delivery and make payment therefor. (Exhibit "C"); On August 12th, 1920, Schwartz & Ferry wrote Jos. Ferran insisting that he take the 100 sacks of bran and demanding payment of $302.50 (Exhibit "D"). To all of these letters Joseph Ferran made no reply. On September 29th, Schwartz & Ferry addressed a letter by registered mail notifying him that George L. Ferry would be present, with two witnesses at the Louisiana Railway sheds, Cypress & Liberty Streets, there to offer and tender to the defendant the 100 sacks of wheat bran and therefore notified your defendant Joseph Ferran that upon his failure to accept delivery of said bran, it would be sold to his account and that he would be liable for the loss sustained in said transaction. (Exhibit E. 1 - E. 2 - E.3). That on October 5th, George L. Ferry waited for Joseph Ferran to comply with the notice, and upon defendant's failure to accept delivery of said wheat bran on that date, Schwartz & Ferry sold and delivered 50 sacks of wheat bran to Charles W___ at the price of $1.95 per 100 lbs. and 50 sacks to Bruno Bros. at $1.95 per 100 lbs. (Exhibit F.& G)". That the difference in the sales price to Joseph Ferran and the sales price on October 5th. amounted to the sum of $107.50. Mr. Ferry testifying that he acted only in the capacity of salesman of Schwartz & Ferry; that he was not a member of that firm; that at the time he took the order for the said bran, he did not know whether Schwartz & Ferry had 50 sacks, 100 sacks, or how many sacks of bran they had; that so far as he knew, there had never been any specific 100 sacks of bran designated as sold Joseph Ferran. No

proof was offered on trial as to the $10.50 storage alleged in plaintiff's petition to have been paid Louisiana Railway. Joseph Ferran denied that the bran was sold for his account or that he was ever the owner of same".

The lotter marked Exhibit C is in the following words:

"Aug. 2d, 1920.

Mr. J. B. Ferran

Dear Sir: We again invite your attention to your contract for Bran referred to in ours of the 20th. ult. We mailed you our order No. 898 for 100 sks. on July 5th according to sale note. The Railroad Company informs that you have not taken delivery and that the storage is accruing on these 100 sks. It is important that you take delivery at once, and send us remittance to cover, statement which we enclose".

In the note of evidence prepared by the Clerk we read the following:

J. Ferran, defendant, being duly sworn by the Deputy Clerk of Court, on cross-examination as a witness called by the plaintiff, testified as follows:

"I am the defendant in this case. Being shown the order marked Exhibit A, and the return receipt card attached to the registered letter, he admits the signatures thereto. I received the letters marked Exhibit B, C, D, and E. I did not present myself to the Railroad shed in compliance with the letter of September 29th".

Eugene Schwartz being sworn as a witness for the plaintiff, testified as follows:

"I am a salesman for Schwartz & Ferry. I sold to Mr. Ferran the goods in controversy; at the time that he signed the order, there was no agreement that he could take any part of the one hundred sacks and it was agreed at the time he signed the order that he was to take the hundred sacks of wheat bran. This is his signature. Some days

after the giving of the order he requested the cancellation thereof, and I told him that I would see the house about it, but they refused to cancel".

It is evident that the defense set up in the answer cannot avail the defendant as no parole testimony is admissible to contradict a written contract; and if it was, it is denied by Schwartz.

As to the defense made in argument, the pivotal question is, was the order of Ferran cancelled by him before it had been accepted by the plaintiff? C. C. 1800, 1801. It appears to us that it was not. It was a matter of defense and the burden of proof was upon defendant to show it. In the first place he made no such defense in his pleadings, and in that manner, did not call upon plaintiffs to contradict his pleadings. When he received a letter advising him that the plaintiff had mailed to him on July 5th, an order for 100 sacks of bran, he failed to deny that he had received the order, although the plaintiffs alleged in their petition that they had delivered to the Louisiana Railway the 100 sacks to be delivered to him, he denied that allegation in his answer, but he did not swear to his answer; and when on the stand, as a witness, he admits having received all the numerous letters addressed to him by the plaintiffs, - the presumption is irresistible that he also received the order for the 100 sacks on July 5th. In cases where the plaintiff has sent out drummers to solicit orders, he is practically the parties proposing; the presumption is that he will accept the orders procured, and but slight evidence is required to prove that he has, in fact, accepted them. Baudry Lac p 2L § 45. N 2

We think with the District Judge that the defendant has failed to establish his defense, and that the plaintiff is entitled to a judgment.

But there is no evidence supporting the claim for storage $10.50. The judgment must therefore be reduced by that much. But this item was not called to the attention of the District Judge.

It is therefore ordered that the judgment herein be reduced from One Hundred and Eighteen Dollars to One hundred and Seven 50-100 Dollars, and as thus amended that it be affirmed at the cost of defendant in both Courts.

Judgment amended and affirmed. November 28th, 1921.